BY THE COURT.
This is a proceeding in error seeking the reversal of a judgment in the common pleas court, wherein that court sustained defendant’s motion to dismiss plaintiff in error’s petition in error and rendered a judgment therein dismissing said petition in error. .This holding and judgment was based upon a finding that the court of common pleas had no jurisdiction to entertain or consider said petition in error in that court.
The action in the court of common pleas was a petition in error filed by the plaintiff in error in this proceeding against the defendant in error herein, seeking to review and set aside certain proceedings wherein a confessed judgment for thirty-five dollars was entered January 9, 1913, before a justice of the peace in an action brought by one Joseph Schillmoeller who alleged that he was “the guardian and next friend” of plaintiff, who was then a minor, against the defendant the Cincinnati Trac. Co.
Said petition in error, in addition to the statement of the judgment and proceedings in said court sought to be reviewed, made certain allegations of fact which plaintiff in error deemed necessary in order to secure such review, among which were the allegations that he became twenty-one years old on May 7, 1916; that said Joseph Schillmoeller was a mere volunteer in bringing said suit'as guardian and next friend and had no warrant or authority in that capacity; that he was not appointed by said justice of the peace as guardian or next friend to the plaintiff nor was he ever appointed by any court as guardian of plaintiff; that no trial of said cause was had before said justice of the peace nor was any testimony heard or any investigation made into the facts of the case, but that said judgment was entered' to carry out an agreement of settlement theretofore made between said Joseph Schillmoeller and the Cincinnati Trac. Co.; and that said justice of the peace never acquired jurisdiction to hear and determine said cause.
It is held in Roberts v. Roberts, 61 Ohio St. 96 [55 N. E. 411], that it is proper to aver such extrinsic facts, in a petition in error, as may be necessary to show that plaintiff in error has succeeded to rights under the judgment or has reached the age *525 of majority, and as to such extrinsic facts the petition in error should be verified, as was done in this cáse.
The petition in error in this case was filed June 19,1916. It alleges that plaintiff in error became of age May 7, 1916. This is an allegation of fact upon which issue may be taken by defendant in error and, if found to be true, brings plaintiff within the terms of Sec. 12270' G. C. and entitles him to prosecute the proceedings in error. The fact that the record in the court of the justice of the peace may show a different age as to plaintiff in error, does not prevent him from averring his true age and establishing his right to bring error proceedings in the court of common pleas.
The court of common pleas clearly erred in holding that it was without jurisdiction to hear and consider the petition in error and in entering a judgment of dismissal.
How far plaintiff in error can go in proving facts contrary or in opposition to the record of the case below, and the effect of such record, is not at this time presented to the court. The purpose of the law is to afford a minor an opportunity to be heard, upon arriving at full age, in a case where he has not been legally represented and where his rights have not been properly protected by the court by the appointment of a guardian ad litem, as provided by Sec. 10234 G. C. or otherwise as may be provided by law. Such issues of fact as are properly alleged in the petition in error must be heard and considered by the court of common pleas, if issue is taken thereon by the defendant in error. But as no hearing upon these issues was had in that court it would be premature for us to discuss and consider them.
The judgment of the court of common pleas must therefore be reversed and the cause remanded for further proceedings.
Jones, Wilson and Hamilton, JJ., concur.